AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Jose Angel GARCIA-Huerta<br>DOB: 1967<br>Citizenship: Mexico<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  7:19-MJ-0386<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 19, 2019__ in the county of __Hidalgo__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC § 952 | Illegal Importation of a Controlled Substance / Approximately 27.05 Kilograms of Cocaine, a Schedule II Controlled Substance. |
| 21 USC § 963 | Conspiracy to Import a Controlled Substance / Approximately 27.05 Kilograms of Cocaine, a Schedule II Controlled Substance. |

This criminal complaint is based on these facts:

See Attachment "A"

☑ Continued on the attached sheet.

Approved by Robert Guerra AUSA

_____
*Complainant's signature*

Nicholas C. Stott, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __02/20/2019 -8:47 a.m.__

_____
*Judge's signature*

City and state: __McAllen, Texas__        U.S. Magistrate Judge Juan Alanis
*Printed name and title*

**Attachment "A"**

I, Nicholas C. Stott, am a Special Agent of the United States Homeland Security Investigations (HSI) and have knowledge of the following facts. The facts related in this attachment do not reflect the totality of information known to me or other agents/officers, merely the amount needed to establish probable cause. I do not rely upon facts not set forth herein in reaching my conclusion that a complaint should be issued, nor do I request that this Court rely upon any facts not set forth herein in reviewing this attachment in support of the complaint.

1. On February 19, 2019, Homeland Security Investigations in McAllen, Texas, (HSI McAllen) received a request for investigative assistance from the U.S. Customs and Border Protection (CBP) Office of Field Operations at the Progreso Port of Entry (POE) in Progreso, Texas. CBP Officers (CBPOs) detained Jose Angel GARCIA-Huerta (hereinafter GARCIA), a citizen of Mexico and B1/B2 visa holder, while attempting to enter the U.S. with approximately 27.05 kilograms (kg) of cocaine concealed within the rear differential of the tractor-truck unit which he was driving.

2. During primary inbound inspection, CBP Officers (CBPOs) obtained a negative written declaration for fruits, food, alcohol, tobacco, drugs, weapons and currency over $10,000.00. GARCIA was driving a tractor truck with attached empty trailer. CBPOs observed GARCIA, a regular crosser who was known to them, was overly nervous and acting differently than usual. CBPOs referred GARCIA and the tractor trailer for a secondary inspection.

3. During secondary inspection, a CBP K-9 narcotics detection team conducted a free air inspection which resulted in a positive alert for the odor of controlled substance(s) emanating from the rear axle of the truck. GARCIA remained overly nervous in secondary inspection.

4. A physical search of the tractor discovered a hollowed out rear differential in the tractor. Inside the differential, 25 vacuum sealed, cellophane and tape wrapped packages were discovered. CBPOs field tested the white powdery substance inside the packages, which was presumptive positive for the characteristics of cocaine. The packages of cocaine weighed approximately 27.05 kilograms.

5. Homeland Security Investigations (HSI), Special Agents (SA) responded to the Progreso POE to assist in the investigation. The HSI SAs and a CBPO interviewed GARCIA who denied knowledge of the cocaine concealed within the tractor. GARCIA, who has crossed the tractor into the United States multiple times, stated he was to be paid $700 Mexican pesos for transporting the tractor trailer into the United States. During the interview, GARCIA provided several inconsistent and false statements.